## ASTOR HOLDING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10537.

Circuit Court of Appeals, Fifth Circuit.

April 27, 1943.

Maurice Kay, of Washington, D. C., for petitioner.

Ray A. Brown and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr.,

Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and R. H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The petition is for review of a decision sustaining deficiencies in income and excess-profits taxes assessed against Astor Holding Corporation for the fiscal year ending May 31, 1937.

The taxpayer constructed a building in the City of Miami, Florida, for the purpose of leasing it to one David Rosner. On July 2, 1936, the parties entered into a lease for a term of ten years beginning November 1, 1936, and ending October 31, 1946. Paragraph II of the lease provided for payment of an annual rental of $21,390.00, and an immediate advance payment of $17,-500.00 as "part payment of the tenth year's rent", with the balance due on the tenth year's rent to be paid in January and February, 1946. The provision requiring the advance payment follows:

"The sum of $12,500.00 upon the signing of the within lease, receipt whereof is hereby acknowledged, and the sum of $2500.00 On or before November 1, 1936, and the sum of $2500.00 On or before April 1, 1937, which sums total the sum of $17,500.00, and shall constitute part payment of the tenth year's rent under the terms of this lease, and the balance of said tenth year's rent shall be paid in the following manner:

"On or before January 1st, 1946, the sum of $1,000.00

"On or before January 15th, 1946, the sum of $2,500.00

"On or before February 1st, 1946, the sum of $390.00."

█ Both the taxpayer and the Commissioner recognize this to be settled law: An amount paid to a lessor as rent in advance is taxable income in the year of its receipt. United States v. Boston & Providence R. R. Corp., 1 Cir., 37 F.2d 670; Renwick v. United States, 7 Cir., 87 F.2d 123;

Commissioner v. Lyon, 9 Cir., 97 F.2d 70. If an amount is deposited with a lessor merely as security for the performance of covenants, with no present right or claim of full ownership in the lessor, it is not treated as taxable income unless and until something happens to make the deposit, or a portion of it, the property of the lessor. Clinton Hotel Realty Corporation v. Commissioner, 5 Cir., 128 F.2d 968, Warren Service Corp. v. Commissioner, 2 Cir., 110 F.2d 723. Whether a payment falls into one category or the other depends upon the facts of the particular case. Decision here turns, therefore, on whether the payment of $17,-500.00 to the lessor under the above-quoted provisions of Paragraph II of the lease was an advance payment of part of the rent for the tenth year, as found by the Commissioner and the Board, or whether it was, as contended by the taxpayer, merely a non-taxable deposit of security within the holding of the Clinton Hotel case, supra.

The payment involved in the Clinton Hotel case was "always referred to as a 'security' or a 'deposit'", and it was "obvious that there were many things to which it might become applicable besides the tenth year's rent". Also, the lessor was required to account not only for the principal amount of the deposit but also for $1,000.00 per year as interest on the principal. 128 F.2d 970.

█ On its facts the case at bar is clearly distinguishable from the Clinton Hotel case. Here the lease refers to the payment of the $17,500.00 as "part payment of the tenth year's rent", and a reading of the lease in its entirety shows that the parties intended that the payment be so applied. The lessor was not required to account for interest on the payment, and for aught that appears the lessor could use the advance payment as its own money. We think it clear that the payment was, as found by the Board, an advance "part payment" of rent for the tenth year; that it was received in the taxable fiscal year by the petitioner, "unrestricted as to its use"; and that the full amount was taxable as income in that year.

The decision of the Board is without error.

Affirmed.