## HIRSCH IMPROVEMENT CO. v. COMMIS-SIONER OF INTERNAL REVENUE.

### No. 55.

Circuit Court of Appeals, Second Circuit.

May 19, 1944.

Elliott A. Daitz, of New York City (Sidney Stark and Herman Zarin, both of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Sewall Key, Robert N. Anderson, and Carlton Fox, all of Washington, D. C., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

█ 1. The question is whether the payment of the $35,000 was basically rent in the year in which taxpayer received it. That it was rent for a future year would be unimportant. It is also unimportant how taxpayer regarded or treated it. Its character turns on the terms of the lease itself. If the taxpayer had been required to segregate the payment, then it would not have been income for the taxable year. No such obligation here existed. But more than the absence of that obligation is needed to justify the conclusion that it was income in the year of its receipt. How much more is needed is a question not to be answered in a simple categorical manner.

Where the line is to be drawn depends in each case on the provisions of the particular lease.[2] The lease here supports the Tax Court's decision. For the sum received was to be repaid, in whole or part, under circumstances which might never occur and of a kind so limited as to be insufficient to require that sum to be categorized as primarily not intended as rent. The facts in Warren Service Corporation v. Commissioner, 2 Cir., 110 F.2d 723 were substantially different. Expressions in Clinton Hotel Realty Corp. v. Commissioner, 5 Cir., 128 F.2d 968, so far as they may appear to be inconsistent with our decision, were qualified by a subsequent case in the same Circuit, Astor Holding Co. v. Commissioner, 5 Cir., 135 F.2d 47, 146 A.L.R. 993, where the Court decided against the taxpayer on facts very similar to those of the instant case.[3]

█ 2. The Tax Court correctly held that the taxpayer was doing business in the taxable year 1936. Our opinion in New London Northern R. Co. v. Smith, 2 Cir., 141 F.2d 219 amply covers that point.

Affirmed.

[2] Until all possible cases have been decided there will seem to exist what Thomas Reed Powell calls "an undulating equator."

[3] For the detailed facts, see the opinion of the Board, 1942, C.C.H., Board of Tax Appeals Service, § 12,599D, at p. 38,816.