OPINION. ARundell, Judge: The issue before us is whether the sum of $33,320 received on the execution of the lease in 1946 should be included in petitioner’s gross income for that year. The legal principles by which the issue is to be resolved are not in dispute. If the sum is received under a present claim of full ownership, subject to the lessor’s unfettered control, and is to be applied to the rent for the last year of the term, it is income in the year of receipt even though under certain circumstances a refund may be required. Hirsch Improvement Co. v. Commissioner, 143 F. 2d 912, certiorari denied 323 U. S. 750; Astor Holding Co. v. Commissioner, 135 F. 2d 47; Renwick v. United States, 87 F. 2d 123; Commissioner v. Lyon, 97 F. 2d 70. If, on the other hand, the sum was deposited to secure the lessee’s performance under the lease, it is not taxable income even though the fund is deposited with the lessor instead of in escrow and the lessor has temporary use of the money. Warren Service Corporation v. Commissioner, 110 F. 2d 723, affirming on this point and reversing on another, 39 B. T. A. 856; Clinton Hotel Realty Corporation v. Commissioner, 128 F. 2d 968; Estate of George E. Barker, 13 B. T. A. 562. See Virginia Iron Coal & Coke Co., 37 B. T. A. 195, affd. 99 F. 2d 919, certiorari denied 307 U. S. 630. In some instances the deposit serves as security for the lessee’s performance and, in addition, if any or all of it remains during the final period of the lease, it is to be applied to rent. It then becomes necessary to determine whether the deposit was primarily a security payment or a prepayment of rent. Gilken Corporation, 10 T. C. 445, affd. 176 F. 2d 141. This question of fact is resolved by reference to the intention and acts of the parties ascertained from the lease agreement and the circumstances incident thereto. Astor Holding Co. v. Commissioner, supra; Hirsch Improvement Co. v. Commissioner, supra. See C. J. S., vol. 52, Landlord and Tenant, section. 472. It is clear that the deposit in the instant case served as a security payment. The respondent attempts to offset the significance of this factor by contending that it was also to serve as prepaid rent. This contention contradicts the clause in the lease expressly providing that the deposit was not to be applied as rent, and also contradicts the clause providing for the return of the deposit to the lessees. We are, of course, aware of the relationship in time and amount between the deposit repayment installments and the rent installments for the final period. However, we cannot conclude therefrom as does the respondent that the provision for the repayment of the security deposit to the lessees lacked substance and was in fact a provision for the prepayment of rent. Such an express provision cannot easily be disregarded when, as here, the legal rights of the parties, and of third parties also, may be substantially different depending on whether the clause provides that the deposit is to be returned to the lessees or applied to the rent of the final period. See C. J. S., sections 472, 473 and 545, particularly section 473, pp. 223, 224, wherein it is explained that the latter is a covenant that runs with the land, whereas the former is merely a personal obligation of the lessor. See also Walker v. 18th Street Holding Corporation, 267 App. Div. 141, 44 N. Y. S. 2d 866, and Casino Amusement Co. v. Ocean Beach Amusement Co., 101 Fla. 59, 133 So. 559. We are satisfied from our examination of the lease agreement and the conduct of the parties thereto that they intended the deposit to serve as a security payment and gave effect to that intent. It is clear from a reading of the lease agreement that the petitioner-lessor resolved to provide himself with the maximum security, including a security deposit which is commonly used in leases. See C. J. S., supra; In re Frey, 26 F. 2d 472. The deposit was distinctly described and treated as a security payment in the original lease agreement. There were at least 25 explicit covenants to be performed by the lessees, many of an unusual character. This cautious policy, born of past experience, was justified by the quarrels and lawsuits that ensued. The conduct of the parties subsequent to the execution of the original lease agreement was in harmony with the purpose of the deposit as expressed in their agreement. In a bill of complaint filed by the lessees in an attempt to recover the deposit, it was referred to as a security payment. In the amended lease it was again distinctly described and treated as a security payment. Finally, in the agreement canceling the lease it was treated as a security payment and that portion still retained by the lessor was in fact returned to the lessees. Under these circumstances, we find no reason to conclude that the deposit was anything other than what the parties have expressly declared it to be, In our opinion, the deposit was a security payment and as such it did not constitute taxable income when received in 1946. Warren Service Corporation v. Commissioner, supra; Clinton Hotel Realty Corporation v. Commissioner, supra; Estate of George E. Barker, supra, and Virginia Iron, Coal & Coke Co., supra. Decision will he entered for the petitioner.