**HYDE PARK REALTY, Inc.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 114, Docket 22802.**

United States Court of Appeals, Second Circuit.

Argued March 9, 1954.

Decided March 29, 1954.

Paul V. Wolfe, New York City, for petitioner.

Fred E. Youngman, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and S. Walter Shine, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before CLARK, MEDINA, and HARLAN, Circuit Judges.

CLARK, Circuit Judge.

This petition for review of a decision of the Tax Court of the United States concerns the taxability as income of prepaid rent of realty at the time of payment and of amounts of rent collected by a vendor of realty, but apportioned to the vendee on the closing of the sale.

The facts, as stipulated by the parties, disclosed the following: On January 10, 1947, one Bisgeier and one Cohen entered into a contract to purchase certain premises from the then owner, Hyde Park Hotel Corporation. Thereafter, on February 4, 1947, petitioner, Hyde Park Realty, Inc., was organized and the contract was assigned to it by Bisgeier and Cohen. The sale was closed and the transfer of title completed on February 14, 1947. Pursuant to the contract the sum of $8,724.06, collected by the vendor, but representing advance rents for the period subsequent to February 14, 1947, was then credited to petitioner. This sum was reported by petitioner as income in its first fiscal year, ending January 31, 1948; at the same time it employed the full purchase price, before crediting the advance rents, as its basis for depreciation for that year.

At the end of its first fiscal year, on January 31, 1948, petitioner had received advance rents in the amount of $3,138.62 relating to terms subsequent to that date. This it included in its return for the fiscal year ending January 31, 1949. The

Commissioner took the position that advance rents were taxable when collected and accordingly that the $3,138.62 should have been included in the year ending January 31, 1948. He refused, however, to make an adjustment excluding the item of $8,724.06 for the rents apportioned as of the time of transfer. Petitioner maintained that its original treatment was correct, or alternatively that the $8,724.06 must be treated as a reduction in purchase price. The Tax Court upheld the Commissioner on both points, 20 T.C. No. 6, and this petition for review followed.

In Hirsch Improvement Co. v. C. I. R., 2 Cir., 143 F.2d 912, certiorari denied 323 U.S. 750, 65 S.Ct. 84, 89 L.Ed. 601, we held that, regardless of whether a taxpayer used the "cash" or "accrual" method of accounting, advance rents given into his unrestricted possession were taxable when received. The other circuits appear to be unanimous in upholding this view. See Gilken Corp. v. C. I. R., 6 Cir., 176 F.2d 141; Astor Holding Co. v. C. I. R., 5 Cir., 135 F.2d 47, 146 A.L.R. 993; C. I. R. v. Lyon, 9 Cir., 97 F.2d 70; Renwick v. United States, 7 Cir., 87 F.2d 123. As to the item in question, the $3,138.62, there can be no doubt that, even though it did not accrue until the fiscal year 1948–49, nevertheless petitioner took unrestricted possession of it in 1947–48. Hence it was correctly held taxable in the earlier year.

Recognizing the inevitability of this result, petitioner has stressed its alternative contention. Here the argument is that the $8,724.06, though accruing subsequent to February 14, 1947, the closing date of the sale, was in fact received earlier, and by the vendor. Hence if rents are income when received, these rents should be taxable to the vendor when it received them. In this view the rent adjustment at the closing is to be taken not as income, but as a reduction in purchase price. The argument, however, cannot prevail on either point.

There can be no doubt on the record that both parties treated the sum as rent.

The contract, in accord with recommendations of The Real Estate Board of New York, Inc., spoke of "rents" to be apportioned. The item represents a computation of rents accruing after the closing date, not some figure estimated as of the time of the contract. Both parties in their tax returns reported the full sale price of the contract, namely, $1,180,000, without reference to adjustments. And petitioner originally reported the $8,724.06 as income. It has been held, we think correctly, that whether apportionment of collected, but unaccrued, receipts is to be taxed as income or adjustment in purchase price depends on the commercial intent of the parties. Evansville Courier v. C. I. R., 7 Cir., 62 F.2d 232. The intent here is clear, and is pointed up by the contrast with the case just cited, where a $15,000 payment by a seller of a newspaper to the purchaser to cover prepaid newspaper subscriptions was held merely a working down of the purchase price by this amount, and not taxable as income. Here the Tax Court's conclusion that the sum in question is rent is wholly reasonable and justifiable.

As to the time when this sum is taxable as income, the Tax Court was also correct. As we have seen, rents are taxable when received, and petitioner received this sum on February 14, 1947. That it constituted rents paid by tenants to petitioner's vendor on earlier dates is not material, since the vendor's tax liability is not before us. We may add, however, that, while a taxpayer cannot evade his responsibility by assigning what are really his earnings, the receipts here in issue were not yet earned, but were merely collected. On January 10, 1947, these later due rents became subject to a binding agreement whereby their collector must account to vendees, and eventually to the vendees' designee, the petitioner, for their value. When petitioner received them, it simultaneously undertook an obligation to perform the services contemplated by the leases on which they were paid. We are not dealing with a tax evasion scheme, but a commercial transaction, ordinary in every

respect; and the conclusion is unavoidable that the $8,724.06 was rent received by petitioner on February 14, 1947, and was taxable as income to petitioner on that date.

The decision of the Tax Court is affirmed.