## E. W. SCHUESSLER AND ALINE SCHUESSLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51326. Filed May 19, 1955.

*D. H. Markstein, Jr., Esq.*, for the petitioners.
*Homer F. Benson, Esq.*, for the respondent.

248

OPINION.

RICE, *Judge:* Petitioner argues on brief that the method used in computing the amount of the reserve shown on his return was erroneous, and that the proper method would be to compute the cost of servicing the furnaces on the basis of $2 per call for a total of 10 calls for each furnace. He argues that this is a fixed and definite liability and that the amount of the reserve should, therefore, equal $20 multiplied by the number of furnaces sold, which would amount to approximately $13,000. This is the same amount he used on his return but reached by a different method. We think it is immaterial in this case which method he used in computing the reserve, for the reasons hereinafter stated.

The question presented here is whether a reserve for the cost of services to be performed in subsequent years is a proper deduction from income in the year when the contract to perform such services is made and payment therefor is received. This is essentially the same problem as the reporting of prepaid income in the year in which received for services to be performed in following years. The petitioner in fact, on brief, recognizes that the two problems are identical

and cites *Beacon Publishing Co.* v. *Commissioner*, 218 F. 2d 697 (C. A. 10, 1955), in support of his argument that the reserve here in issue was a proper deduction in computing his income in 1946.

In *Curtis R. Andrews*, 23 T. C. 1026, we considered the question of how prepaid income was to be reported, and specifically refused to follow the reasoning of the Court of Appeals for the Tenth Circuit in the *Beacon Publishing Co.* case. There is little which we can add to what we said there with respect to this question. We agree that the principle upon which the *Andrews* case was decided is not in harmony with generally accepted commercial accounting practices; but, on the other hand, a contrary result, such as the one reached in the *Beacon Publishing Co.* case, does not appear to us to conform to the firmly established "claim of right" doctrine governing the receipt of income and its taxability in the year in which received. *United States* v. *Lewis*, 340 U. S. 590 (1951); *North American Oil* v. *Burnet*, 286 U. S. 417 (1932). While the issue posed here is the deductibility of a reserve for future expenses, the petitioner, in fact, is attempting to defer reporting the amount which he received in 1946 for services which he agreed to perform over the ensuing 5 years. He attempts to reach that result by taking the additional step of reporting the entire sales price of furnaces, including the amount for future servicing, and then setting up a reserve to cover the cost of such servicing and deducting it in computing his income for 1946. Thus, in effect, he cancels out the amount received and reported for such future servicing. The situation here is similar to the one before us in *Your Health Club, Inc.*, 4 T. C. 385 (1944), where an accrual basis taxpayer sought to defer the reporting of prepaid income for services to be performed in the future. We held there that all sums received for future services were includible in income in the year in which received; and we conclude here that the $10,600 reserve was not a proper deduction to which the petitioners were entitled in computing their income for the year 1946.

*Decision will be entered for the respondent.*