ADVERTISERS EXCHANGE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49606. Filed February 24, 1956.

*Allen G. Gartner, Esq.*, and *Edward I. Sproull, C. P. A.*, for the petitioner.
*John J. O'Toole, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* Basically, the dispute here involves the proper period in which to report and tax income derived by petitioner from sales under contracts with its customers. The applicable statutes involved are sections 41 and 42 of the Internal Revenue Code of 1939, pertinent portions of which are set forth below.[4]

Petitioner's business during the taxable years and for some time prior thereto consisted of supplying advertising copy and other related services pursuant to contracts with its customers, which contracts covered a period of 12 months and were for a stated annual amount payable monthly. Most of these contracts, particularly those of renewal, were signed and accepted sometime prior to the effective dates thereof and, occasionally, even in a preceding calendar year. More frequently than not, the 12-month period during which the services called for in the contracts were to be rendered covered portions of 2 calendar years. At all times pertinent hereto, petitioner employed an accrual system of accounting and for some years prior to 1945, petitioner, consistent with its application thereof, accrued the full amount of the contract price as sales during the month in which the particular contract was signed. Direct expenses of servicing the contract were accrued when incurred. Salesmen's commissions were accrued at the time the contract was signed. In 1945, petitioner recast its sales account to defer income from sales to the year or years covered by the contracts so as to reflect such sales in a manner it considered commensurate with the servicing of the contracts. It also deferred the accrual of salesmen's commissions allocably over the period covered by the contracts.

Respondent's determination herein is predicated on his view that petitioner's revised method of accruing and reporting its income from sales subsequent to January 1, 1945, constituted a change in its method of accounting therefor that required his prior consent, which consent

---

[4] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income.

SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

(a) GENERAL RULE.—The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. * * *

was not sought nor obtained, and that such method does not clearly reflect petitioner's income for the years involved, but, to the contrary, resulted in a distortion thereof. The adjustments made by the respondent in his determination are consistent with the method employed by petitioner prior to 1945 and, in effect, required a continued use thereof.

Petitioner does not deny its failure to obtain respondent's consent to effect the revision, but it maintains that it merely changed its method of selling, not its method of accounting, and that such consent was therefore unnecessary. Further, petitioner urges that it was in error when it did not use the revised method of recording its sales in 1943 and 1944, and that it should not now be penalized for correcting that error after recasting its sales account to conform to its contractual method of selling and billing.

No particular system of accounting for taxable income is given statutory preference. Rather, a taxpayer has complete freedom of choice in adopting a system of accounting to suit his particular need so long as that adopted clearly reflects his income for a 12-month period. See secs. 41 and 42, *supra*, at footnote 4. In the instant case, petitioner has employed an accrual system of accounting since its organization in 1929. In the use of such a system the rule that an item, whether of income or expense, accrues for purposes of taxation when all events have occurred necessary to fix the liabilities of the parties involved and to determine the amount thereof, is too well established to require citation of authority. It is the right to receive income, not the actual receipt thereof, that determines when it should be accrued and included in gross income. *United States* v. *Harmon*, 205 F. 2d 919. But, these seemingly simple and practical underlying principles are subject to varying interpretations and divergent methods of application. See *Frost Lumber Industries, Inc.* v. *Commissioner*, 128 F. 2d 693, in which it is aptly stated that "* * * what to one practical mind seems heresy, to another equally practical, seems doctrine." Thus it is that there are apparently divergent interpretations and methods of application in accounting for income on an accrual basis, all of which have been recognized and accepted as proper so long as there was consistency.

Consistency is the key and is required regardless of the method or system of accounting used. *Beacon Publishing Co.*, 21 T. C. 610, revd. 218 F. 2d 697; *Curtis R. Andrews*, 23 T. C. 1026; *E. W. Schuessler*, 24 T. C. 247; *United States* v. *Mitchell*, 271 U. S. 9; *Cecil* v. *Commissioner*, 100 F. 2d 896. The change made, or revision, as petitioner chooses to call it, in the treatment accorded petitioner's contract sales and the accrual thereof, we think was clearly a change in its method of accounting. Regs. 111, sec. 29.41-2. And a change from one

method of accounting to another is seldom possible without some distortion of income. Thus, respondent may, as here, reject any change in the accounting treatment of items of income made without his prior consent and approval of compensating adjustments to insure that distortions arising therefrom are not at the expense of the governmental revenue. *Kahuku Plantation Co.* v. *Commissioner*, 132 F. 2d 671.

As heretofore noted, the effect of respondent's determination is to require the continued use of the accounting method consistently employed by petitioner for a number of years. To do so is within the broad administrative discretion accorded respondent under the statute and is not to be disturbed unless an abuse of such discretion is evident. *Schram* v. *United States*, 118 F. 2d 541. See *Brown* v. *Helvering*, 291 U. S. 193, wherein the Court said at page 203 that it "* * * is not the province of the court to weigh and determine the relative merits of systems of accounting." No abuse of discretion has here been shown.

Nor may petitioner's action in effecting the change in the manner of treating items of income and expense be denominated as merely a technical correction of prior errors, although its intention was to align more closely its income from contract sales with the expenses incurred in servicing the contracts. This was a substantial change which may have had some adverse effect upon the revenues, thus clearly requiring the Commissioner's prior consent to the change. Cf. *Beacon Publishing Co.*, *supra; Curtis R. Andrews*, *supra; E. W. Schuessler*, *supra; S.* Rept. No. 1622, 83d Cong., 2 Sess., p. 301.

Respondent is sustained.

*Decision will be entered for the respondent.*