E. W. SCHUESSLER and Aline Schuessler, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15751.

United States Court of Appeals Fifth Circuit.

March 14, 1956.

---

D. H. Markstein, Jr., Kenneth R. Cain, Birmingham, Ala., for petitioners.

Melva M. Graney, Atty., Dept. of Justice, H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, John J. Kelley, Jr., Attys., Dept. of Justice, John Potts Barnes, Chief Counsel, I. R. S., Vernon F. Weekley, Sp. Atty., Washington, D. C., for respondent.

Before BORAH, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is a petition for review of a decision by the Tax Court disallowing a deduction in 1946 of an item of $13,300.-00, representing a reserve set up by taxpayers while keeping their books on the accrual basis, to represent their estimated cost of carrying out a guarantee, given with each of the furnaces sold by them during the year, to turn the furnace on and off each year for five years.

The opinion of the Tax Court treats the matter as though ample proof was offered by the taxpayer (hereafter the husband will be called "taxpayer") to raise the legal issue and we find the record warrants this treatment. Taxpayer was in the gas furnace business in 1946, during which he sold 665 furnaces, each with a guarantee that he would turn the furnace on and off each year for five years. The fact that such service, if performed, would cost $2.00 per call was amply established. The taxpayer, himself a bookkeeper and accountant prior to entering this business, testified to his keeping his books on the accrual method and claimed that the only way his income could be accurately reported was by charging against the cost of furnaces sold in 1946 the reserve representing the amount which he became legally liable to expend in subsequent years in connection with the sales. The proof was clear that he actually sold the furnaces for $20.00 to $25.00 more than his competitors because of his guarantee, which they did not give.

We think it quite clear that petitioner's method of accounting comes much closer to giving a correct picture of his income than would a system in which he sold equipment in one year and received an inflated price because he obligated himself, in effect, to refund part of it in services later but was required to report the total receipts as income on the high level of the sales year and take deductions on the low level of the service years. The reasonableness of taxpayer's action, however, is not the test if it runs counter to requirements of the statute.

We find that not only does it not offend any statutory requirement, but,

in fact, we think it is in accord with the language and intent of the law.[1] Clearly what is sought by this statute is an accounting method that most accurately reflects the taxpayer's income on an annual accounting basis.[2]

The decisions of the Tax Court and of the several Courts of Appeals are not uniform on this subject, some circuits requiring a mathematical certainty as to the exact amount of the future expenditures that cannot be satisfied in the usual case. Other circuits, seemingly more concerned with the underlying principle of charging to each year's income reasonably ascertainable future expenses necessary to earn or retain the income, have permitted the accrual of restricted items of future expenses. Two of this latter category are Harrold v. Commissioner[3] and Pacific Grape Products Co. v. Commissioner.[4]

In the Harrold case the taxpayer was permitted to deduct from its gross income in 1945 the estimated cost of back filling a tract of land which would be done under state law requirements in the year 1946. The Court there said:

"* * * when all the facts have occurred which determine that the taxpayer has incurred a liability in the tax year, and neither the fact nor the amount of the liability is contested, and the amount, although not definitely ascertained, is susceptible of estimate with reasonable accuracy in the tax year, deduction thereof from income may be taken by a taxpayer on an accrual basis." Harrold v. Commissioner, 4 Cir., 192 F.2d 1002, 1006.

The Pacific Grape Products case is also, it seems to us, indistinguishable in principle from the case before us. There the taxpayer accrued the sales price of canned goods sold on December 31, and at the same time deducted the estimated cost of labeling and preparing the goods for shipping and brokerage fees to be paid the following year. The Tax Court,

---

1. See in this connection the following sections of the Internal Revenue Code of 1939:
"§ 41. General rule
"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *" 26 U.S.C.A. § 41.
"§ 43. Period for which deductions and credits taken
"The deductions and credits * * * provided for in this chapter shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *" 26 U.S.C.A. § 43.
See also Treasury Regulation 111 as follows:

"Sec. 29.41-1. Computation of net income.—Net income must be computed with respect to a fixed period. Usually that period is 12 months and is known as the taxable year. Items of income and of expenditure which as gross income and deductions are elements in the computation of net income need not be in the form of cash. It is sufficient that such items, if otherwise properly included in the computation can be valued in terms of money. The time as of which any item of gross income or any deduction is to be accounted for must be determined in the light of the fundamental rule that the computation shall be made in such a manner as clearly reflects the taxpayer's income. If the method of acounting regularly employed by him in keeping his books clearly reflects his income, it is to be followed with respect to the time as of which items of gross income and deductions are to be accounted for * * *"

2. This principle was early recognized in United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347.

3. 4 Cir., 192 F.2d 1002.

4. 9 Cir., 219 F.2d 862, 869.

with six judges dissenting, accepted the Commissioner's view that the deductions should be disallowed. 17 T.C. 1097. The Court of Appeals reversed, saying:

> "Not only do we have here a system of accounting which for years has been adopted and carried into effect by substantially all members of a large industry, but the system is one which appeals to us as so much in line with plain common sense that we are at a loss to understand what could have prompted the Commissioner to disapprove it. Contrary to his suggestion that petitioner's method did not reflect its true income it seems to us that the alterations demanded by the Commissioner would wholly distort that income."

The case of Beacon Publishing Co. v. Commissioner[5] is considered by both parties here and was noted by the Tax Court as of especial significance. That case involved the treatment of prepaid income received by the Beacon Publishing Co. covering subscriptions to be furnished in subsequent years. The Tax Court in its decision here said:

> "* * * This is essentially the same problem as the reporting of prepaid income in the year in which received for services to be performed in following years. The petitioner in fact, on brief, recognizes that the two problems are identical and cites Beacon Publishing Co. v. Commissioner, 10 Cir., 1955, 218 F. 2d 697, in support of his argument that the reserve here in issue was a proper deduction in computing his income in 1946."

The Tax Court then simply declined to follow the Court in the Beacon case, preferring to adhere to its own views as expressed in Curtis A. Andrews v. Commissioner, 23 T.C. 1026. We prefer the reasoning as well as the conclusion reached by the Court in the Tenth Circuit. There the opinion correctly, we think, disposed of the "claim of right" theory advanced by the Commissioner and adopted by the Tax Court in this type of case.[6]

■ Finally we think the enactment in 1954 of Section 462 of the Internal Revenue Code of 1954[7] and its subsequent repeal constitute no legislative history bearing on the construction of the provisions of the Internal Revenue Code of 1939.[8]

■ The record below amply supports the contention of the taxpayer that there was a legal liability created in 1946, when the purchase price was paid for the gas furnaces, for the taxpayer to turn the furnaces on and off for the succeeding five years; that the cost of such service as reasonably established at a minimum of $2.00 per visit; and that the payment of $20.00 to $25.00 extra by the purchasers fully proved their intention to call upon the taxpayer each year for the service. These facts authorized the setting up of a reserve out of the 1946 income to enable the taxpayer to meet these established charges in future years. The decision of the Tax Court is therefore in error and must be reversed.

Reversed with directions to enter judgment for the taxpayer.

5. 10 Cir., 218 F.2d 697.

6. See Beacon Publishing Co. v. Commissioner, 218 F.2d 697, 699.

7. 26 U.S.C.A. § 462.

8. For an interesting discussion of the history of this legislation see Sen.Rep. No. 372, 84 Cong., 1st Sess., 1955 U.S.Code Congressional and Administrative News, p. 2046–2051. See also Sporrer, The Past and Future of Deferring Income and Reserving for Expenses, TAXES (Mag.) January 1956, 45.