NEW CAPITAL HOTEL, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57299.    Filed June 25, 1957.

*J. Bernard Brown, Esq.*, for the petitioner.
*David M. Robinson, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The sole question involved here is whether the $30,000 advance payment received in 1949 by the petitioner is includible in its gross income for that year.

The petitioner lessor leased certain hotel property, which it owned, for a period of 10 years from January 1, 1950, to December 31, 1959. The lease contract provided that the lessee would pay rents as follows: $30,000 during each year of the lease and "for the last year of this lease, Lessee agrees to pay in advance the sum of Thirty Thousand Dollars ($30,000.00), the receipt of which is hereby acknowledged. Said sum, however, shall apply only on the rental for the last year of this lease." The lease also provided that if the building should be substantially destroyed during the period of the lease the lessor shall refund to the lessee all or part of the $30,000 as may not cover the rental of the property up to the time of such destruction, provided, however, that no rental is then in arrears.

The petitioner's president testified that the lessee preferred paying the last year's rent in advance rather than executing a performance bond, which the lessor was demanding. The lessee, during 1949, paid the above-mentioned $30,000 to the petitioner. There were no restrictions on the use of the $30,000; the petitioner had unfettered control over it.

The petitioner, an accrual basis taxpayer, reflected the advance rental payment in a liability account entitled "Deposit on lease contract" and contends that it should be reported as income in 1959, the year in which petitioner contends it would be considered as earned. The respondent determined that the $30,000 constituted gross income in 1949, the year of receipt, under section 22 (a), Internal Revenue Code of 1939.[1]

It is clear from the record that the advance payment, although securing the lessee's performance of the covenants, was intended to be rent, was described in the lease contract as rent, and was primarily rent. *Gilken Corporation*, 10 T. C. 445, 451–456 (1948), affd. (C. A. 6, 1949) 176 F. 2d 141, 144–145. Since the rent was received in 1949, it would be includible in gross income in that year even though the rent is to be applied for the use of the property in 1959. *Hirsch Improvement Co.* v. *Commissioner*, (C. A. 2, 1944) 143 F. 2d 912, affirming a Memorandum Opinion of this Court. This is so regardless of whether the taxpayer keeps his books and computes his income on a cash basis, see *Edwin B. De Golia*, 40 B. T. A. 845 (1939), or on an accrual basis, see *Palm Beach Aero Corporation*, 17 T. C. 1169, 1170, 1177–1178 (1952); *Hyde Park Realty, Inc.* v. *Commissioner*, (C. A. 2, 1954) 211 F. 2d 462, affirming 20 T. C. 43 (1953).

The petitioner argues that its method of accounting clearly reflects its income and that the inclusion of the rent in gross income for the year 1949, rather than 1959, will distort its income for the 2 years because in 1959 it will incur approximately $23,000 in expenses incident to the earning of the $30,000 rent.[2]

We have recognized that the inclusion of prepaid income in gross income in the year of receipt of the item representing it, rather than in a subsequent year when it is considered earned, is not in accord with principles of commercial accounting. See *Curtis R. Andrews*, 23 T. C. 1026, 1033–1034 (1955); *E. W. Schuessler*, 24 T. C. 247, 249 (1955), reversed (C. A. 5, 1956) 230 F. 2d 722. We have, however,

---

[1] SEC. 22. GROSS INCOME.
  (a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from * * * rent, * * *

[2] The petitioner, in its reply brief, apparently also contends that if the $30,000 is includible in its 1949 gross income it should be allowed a deduction of $23,000 for expenses to be incurred in 1959 in connection with the earning of the rent. This issue has not been properly pleaded and is not properly before us. Regardless, it has no merit. See *Bressner Radio, Inc.*, 28 T. C. 378 (1957).

consistently held that the Commissioner has acted within the discretion granted him under section 41 of the 1939 Code in holding that prepaid income must be returned in the year received in order to clearly reflect income. Cf. *Automobile Club of Michigan* v. *Commissioner*, 353 U. S. 180, 188–190 (1957). In the instant case the petitioner seeks to defer a nonrecurring advance rental payment[3] for a period of 10 years.[4] Under the circumstances detailed in our Findings of Fact we cannot say that the Commissioner abused the discretion granted him in section 41, Internal Revenue Code of 1939, in determining that the $30,000 was includible in the petitioner's gross income in 1949.

Among the decisions which petitioner relies on in its brief in support of its contention that the $30,000 is not taxable in 1949, is *John Mantell*, 17 T. C. 1143 (1952). We think the facts of the instant case are clearly distinguishable from those present in the *Mantell* case. In the *Mantell* case our Findings of Fact made clear that the $33,320, which was involved there, was not meant to be paid as advance rental. It was paid primarily to be held as security to guarantee the performance by the lessees of the obligations and covenants contained in the lease. The next to the last paragraph of our Findings of Fact in the *Mantell* case enumerates the several things for which the $33,320 was to act as security to guarantee that the lessees would perform. Our Findings of Fact then conclude with the following final paragraph (p. 1147):

> The sum of $33,320 received by the petitioner upon the execution of the lease in 1946 was intended to be and was in fact a security deposit. It was not paid as prepaid rent and was not taxable income when received.

Manifestly, we could make no such finding in the instant case because the lease agreement itself provides:

> And, for the last year of this lease, Lessee agrees to pay in advance the sum of Thirty Thousand Dollars ($30,000.00), the receipt of which is hereby acknowledged. Said sum, however, shall apply only on the rental for the last year of this lease.

That the $30,000 in question was paid by the lessee as advance rental for the year 1959 seems too clear for argument and, under the authorities cited, we must hold that it was taxable income to petitioner in the year 1949, when it was received.

*Decision will be entered for the respondent.*

---

[3] There is no contention that the Commissioner's action in this case will upset a consistent accounting system of long standing. Cf. *Pacific Grape Products Co.*, 17 T. C. 1097 (1952), revd. (C. A. 9, 1955) 219 F. 2d 862.

[4] Even under the liberalized provisions for reporting prepaid income under the short-lived section 452 (b), Internal Revenue Code of 1954, a prepayment 10 years in advance, such as the one involved herein, would be includible in gross income ratably in the year of receipt and the next succeeding 5 years unless the Secretary or his delegate prescribed otherwise. See S. Rept. No. 1622, 83d Cong., 2d Sess. (1954), pp. 301, 302.