NEW CAPITAL HOTEL, INC., Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 13438.

United States Court of Appeals
Sixth Circuit.

Oct. 25, 1958.

J. Bernard Brown and D. Paul Alagia, Louisville, Ky., for petitioner.

Charles K. Rice, Nelson P. Rose, Lee A. Jackson, Robert N. Anderson, Sheldon I. Fink, Charles O. Johnson, Washington, D. C., and argued by Karl Schmeidler, Washington, D. C., for respondent.

Before SIMONS, and MARTIN, Circuit Judges and JONES, District Judge.

PER CURIAM.

This cause came for hearing on petition of the corporate taxpayer, New Capital Hotel, Inc., for review of the decision of the Tax Court of the United States holding a deficiency in income tax for the year 1949 in the amount of $11,724.-50.

The decision of the tax court rested on the proposition that the advance payment of $30,000, received by the taxpayer in 1949 to apply as rental for the last year of a lease [for the year 1959], was taxable income in 1949. The taxpayer had unrestricted use of the advance rental payment and invested it in interest-bearing bonds, not holding it in trust or in escrow in any fashion whatsoever.

The tax court declined to permit the taxpayer to deduct in 1949 its estimated expenses to be incurred in 1959 in connection with the earning of the rental. This was in conformity with the principle of our opinion in Ohmer Register Co. v. Commissioner of Internal Revenue, 6 Cir., 131 F.2d 682, 686.

In the instant case, there was no requirement of the taxpayer that it hold the advance rental in trust, or as a separate fund, pursuant to the requirement of our decision in Gilken Corporation v. Commissioner of Internal Revenue, 6 Cir., 176 F.2d 141. There, we held that, where money was received by the taxpayer as advance rental, as security for performance, and as part payment of the purchase price in the event the lessee should exercise its option to buy; and where the advance was paid without any restriction on the taxpayer as to the use of the money, or without a requirement to hold the money in trust or to set it apart as a separate fund, the money so received by the taxpayer constituted taxable income, when received. Cf. Automobile Club of Michigan v. Commissioner of Internal Revenue, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746, affirming the decision of this court, reported in 6 Cir., 230 F.2d 585.

The decision of the tax court is affirmed.