**KOHLER–CAMPBELL CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 378.**

United States District Court
W. D. North Carolina,
Statesville Division.

Dec. 29, 1960.

Frank C. Patton, Morganton, N. C., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Myron C. Baum, John F. Murray, Washington, D. C., James M. Baley, Jr., U. S. Atty., Asheville, N. C., John E. McDonald, Jr., Asst. U. S. Atty., Charlotte, N. C., on the brief, for defendant.

WARLICK, District Judge.

This action is one that was instituted by the plaintiff to recover of the defendant the amount of $5,213.03, together with interest, paid as income tax for the period from October 19, 1954, through December 31, 1954; and the issue for decision is whether the payment of $15,-000 received by the plaintiff from Kohler and Campbell, Inc., in the year 1954, constituted prepaid rental income, as contended by the defendant, or a loan, as contended by the plaintiff.

Plaintiff is a North Carolina corporation, with its principal place of business at Granite Falls, in Caldwell County, in the Western District of North Carolina, —and was incorporated on October 19, 1954, as a wholly owned subsidiary of Kohler & Campbell, Inc., a corporation of the State of New York. Following its incorporation, which seems to have been for the specific purpose of securing a lease to a certain tract of land, and on

26. See Note 25, supra.

October 30, 1954, plaintiff entered into a written agreement with the Carolina Appalachian Manufacturing Corporation, by the terms of which plaintiff leased certain real property situate in Caldwell County, North Carolina, on which a large manufacturing building and its necessary adjuncts had been erected,—a part of the terms of said lease appropriate here being as follows:

" * * * for a term of ten (10) years commencing on the first day of November, 1954, and ending on the thirty-first day of October, 1964, unless sooner terminated as hereinafter provided, reserving unto the Lessor an annual net rental payable in lawful money of the United States of America which the Lessee covenants to pay of Nine Thousand ($9,-000) Dollars (herein sometimes referred to as the base annual rental) which shall be payable in equal monthly installments of Seven Hundred and Fifty ($750) Dollars each in advance on the first day of December, 1954, and on the first day of each calendar month thereafter during the term, except that the rent for the last twenty months of said term amounting in the aggregate to Fifteen Thousand ($15,000) Dollars shall be paid in advance on or before December 1, 1954, and shall not be applicable to making good any default in monthly payments of rent prior to March 1, 1963."

Thereafter on October 31, plaintiff and Kohler & Campbell, Inc., its parent corporation, entered into a lease agreement dated October 31, 1954, by the terms of which Kohler & Campbell, Inc., subleased from the plaintiff the premises set out in the original lease agreement, between plaintiff and the Carolina Appalachian Manufacturing Corporation, and for convenience and understanding, there was attached to the sub-lease a copy of the original lease between the plaintiff and the Carolina Appalachian Manufacturing Corporation; the sub-lease specifically being made subject to all the terms, covenants, and conditions of the lease from the Carolina Appalachian to plaintiff.

On the 29th of October, 1954, Kohler & Campbell, Inc., issued its check to the plaintiff in the amount of $15,000, which in turn was subsequently endorsed by plaintiff over to the Carolina Appalachian Manufacturing Corporation, in full satisfaction and payment of the prepayment provision of said lease. On the voucher stub of Kohler & Campbell, Inc., relating to the $15,000 check, was this notation: "advance covering lease from Carolina Appalachian Manufacturing Corporation."

Plaintiff during the periods involved in this controversy maintained no books and records other than its check book, until August 1956, and no note or other written document was executed to reflect that the $15,000 check by Kohler & Campbell, Inc. to plaintiff, constituted anything other than that which characterized the notation made on the voucher stub.

Plaintiff's income tax return filed with the Revenue Department for the period from October 19, 1954, the date of its incorporation, to and including December 31, 1954, in no wise reflected an account due and payable to Kohler & Campbell, Inc., in the amount of the check issued. and similarly plaintiff's tax return for the full calendar year of 1955 failed to reflect a loan due and payable by it to Kohler & Campbell, Inc. in the amount of $15,000, but on the contrary, dealt with the $15,000 item as "deferred rental income". Plaintiff's tax returns were prepared and filed on the accrual basis.

Kohler & Campbell, Inc., in its income tax schedule for the year 1954 included this sum of $15,000 as "prepaid expenses and supplies" and further included this amount of $15,000 on its balance sheet as of the date of December 31, 1955, and on its income tax return for that year as "prepaid rent".

In August 1956, a representative of the Internal Revenue Department, in auditing plaintiff's 1954 income tax return, recommended from an inspection of its

records as submitted to him, that the $15,000 check from Kohler & Campbell, Inc., issued to plaintiff on October 29, 1954, be included in the plaintiff's 1954 income schedule as prepaid rental income. Such course as recommended was followed and on this basis the Internal Revenue Department assessed an additional tax in the amount of $4,500, and this amount together with interest of $713.03 was paid by plaintiff on December 12, 1957; thereafter on December 18, 1957, plaintiff filed a claim for a refund of the taxes arising from the additional assessment, and on such claim being denied by the Commissioner of Internal Revenue, on April 1, 1958, this action was subsequently and in apt time instituted.

The plaintiff in its action seeking to recover the tax stemming from the additional tax assessment, contends among other things, that the parent corporation, Kohler & Campbell, Inc., a New York corporation, was having serious difficulties in its business operations in New York City, and was consistently losing money therein due in a large measure to the high cost of manufacturing there;— its troubles with labor, and was at about the time of the transaction herein, and prior thereto, on the verge of either going out of business and liquidating its assets, or of moving its operations, lock, stock and barrel, from New York State to a new site where its economy could be more nearly protected and its manufacturing likely done under more favorable circumstances. That those who owned the stock of the Kohler & Campbell, Inc. were likewise the owners of all of the outstanding stock of plaintiff, and that the two are commonly classified as parent and subsidiary. That the real property embraced in the lease made with the plaintiff by the Carolina Appalachian Corporation was located in the spring of 1954, and appearing adequate for the purpose of piano manufacturing, was on being found available, selected as the proposed future manufacturing site of Kohler & Campbell, Inc.; that at that time said property was owned by Barclay Furniture Company, a corporation whose stock owners were located in and around the New York area; that a search of the title to the property revealed that there were many liens against the property and other claims of creditors, which would have to be recognized and paid before the title could be cleared. That there was much internal dissention between the stockholders and directors of said Barclay Furniture Company. That following many efforts which were put forth the directors and officers and stockholders of Barclay Furniture Company organized the Caroline Appalachian Manufacturing Corporation under the North Carolina laws, for the purpose of effecting the lease as appears in the instrument executed between it and the plaintiff. That among other things it was necessary that certain monies be advanced in order to fully comply with the requirements that were needed to clear title thereto, and that this check for $15,000 was properly issued and delivered by Kholer & Campbell, Inc. to plaintiff, and subsequently in line with the contract itself, used as the means of clearing title to the property leased to plaintiff. That this check was a loan and in no wise represented a prepayment of rent by Kohler & Campbell, Inc., to plaintiff. That the authorized capital stock of plaintiff is $1,000, consisting of 100 shares of the par value of $10 each, of which four shares were issued to Rita Kohler White, and two shares each were issued to Julius A. White, Charles K. White, and Rita W. Thompson, representing $100 paid in as capital stock.

The plaintiff further contends that the failure to make entries on its records and those of Kohler & Campbell, Inc. or to properly set up on the minutes of the two corporations, the true status of their dealings, was wholly due to the speed with which the parties involved were proceeding, all made necessary in view of the fact that in abandoning the New York manufacturing site Kohler & Campbell, Inc., found it had on hand in excess of $100,000 worth of parts, which would, unless manufacturing was re-

sumed elsewhere, become wholly and totally worthless. That the haste involved caused the minute details to be unattended to or placed on record, but that from the evidences offered in the trial of the cause, all of this clearly appears and that the $15,000 check should be classified as a loan from Kohler & Campbell, Inc., to plaintiff, and not as prepaid rental income under its sublease made with Kohler & Campbell, Inc.

■ From the evidence heard by me and further from a consistent study of the record, I find among other things that the payment of $15,000 by Kohler & Campbell, Inc., as represented by the check dated October 29, 1954, to plaintiff, constituted a prepayment of rent under the lease and the sub-lease agreements. This finding on my part is borne out by all the documentary evidence embraced, among other things in the tax returns, balance sheets, correspondence between plaintiff and its parent corporation, Kohler & Campbell, Inc., and unerringly leads to the conclusion that the parties, at the time the records were made and the contractural factors were had, intended and actually looked upon, regarded and treated the $15,000 as prepaid rent, and that there is no record evidence indicating that there existed a relationship of creditor and debtor; and that it was only after the agents of the Revenue Department had constituted and filed the assessment that a loan agreement was made known and contended for. However I am unable to accept these contentions as shown from the evidence offered by the plaintiff.

On the foregoing facts as found I conclude as a matter of law that the court has jurisdiction of this cause of action and the parties therein, and that the cause is properly before the court. Sec. 1346(a) (1) Title 28 U.S.C.

Gross income means "income from whatever source derived" and obviously includes rent as is the substance of this controversy. Internal Revenue Code of 1954, Sec. 61 (26 U.S.C. 1958 ed., § 61).

■ Advance receipt of rent by an accrual basis taxpayer is income in the year of its receipt rather than in the subsequent years when earned. Gilken Corp. v. Commissioner, 6 Cir., 176 F.2d 141; New Capital Hotel, Inc. v. Commissioner, 6 Cir., 261 F.2d 437.

■ That plaintiff having the burden of proof has failed to successfully carry said burden. Leicht v. Commissioner, 8 Cir., 137 F.2d 433; and that the action of the Commissioner of Internal Revenue in assessing the tax herein as prepaid rent was correct and proper, and that his order is affirmed.

Counsel will submit decree.