## OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, v. COMMISSIONER OF INTERNAL REVENUE.

### No. 136.

Circuit Court of Appeals, Second Circuit.

Feb. 16, 1931.

Revenue Act of 1918 (40 Stat. 1057, 1077), which reads, so far as material, as follows:

"Sec. 234(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise. * * *

"(10) In the case of insurance companies, in addition to the above: (a) The net addition required by law to be made within the taxable year to reserve funds * * *; and (b) the sums other than dividends paid within the taxable year on policy and annuity contracts. * * * "

Reliance is placed upon clause (10), rather than clause (4), and upon the definitional provision in section 200 to the effect that the term "paid" means "paid or accrued," or "paid or incurred." Consequently (10)(b) is construed to read, "and (b) the sums * * * paid or accrued within the taxable year on policy * * * contracts." This construction is further bolstered by article 568 of Treasury Regulations 45 (1920 Ed.), particularly the sentence therein reading:

" 'Paid' includes 'accrued' or 'incurred' (construed according to the method of accounting upon the basis of which the net income is computed) during the taxable year, but does not include any estimate for losses incurred but not reported during the taxable year."

Pursuant to section 234(a)(10), the Commissioner allowed the petitioner to deduct (1) the net additions required by law to reserve funds; and (2) policy losses actually paid within the taxable year. The dispute is whether the petitioner may also have a third deduction, namely, the estimated amount of its liability for policy losses accrued, but not paid, within the year; and, since subsequent experience proved that its estimates of accrued but unpaid losses were 1⁷⁄₁₀ per cent. too high, petitioner has made a corresponding reduction in the amount of the deduction it is claiming for each of the years in question.

The Commissioner contends that to allow the claimed deduction will result in a duplication of deductions. The argument is that an item for the prospective loss under a policy is allowed once when the net addition to legal reserves is deducted, and that this will be duplicated, at least in part, if an additional deduction is allowed for a policy loss accrued but not paid within the year. While

Ewing Everett, of New York City (Miller & Chevalier and Stuart Chevalier, all of New York City, of counsel), for petitioner.

Helen R. Carloss, of Washington, D. C., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The petitioner claims to be entitled to deduct from gross income for each taxable year in question its accrued but unpaid losses during the year on policies of liability insurance and workmen's compensation insurance. Its claim is based upon section 234(a) of the

the taxpayer denies that there is a duplication because the reserve required by law is determined without regard to accrued losses, it further contends that, even if there be a duplication, we cannot fail to give effect to the literal words of the statute, however unlikely it may be that Congress would have intended the result had it been present to the legislative mind. See Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. —.

The language of section 234(a)(10) appeared in substantially the same form in the excise tax levied upon corporations by the Act of August 5, 1909 (36 Stat. 113). It was incorporated with only slight clerical changes in each successive income tax law down to and including the Revenue Act of 1918. See Act of Oct. 3, 1913, § 2 G(b), 38 Stat. 172; Act of Sept. 8, 1916, § 12(a), 39 Stat. 768; Act of Oct. 3, 1917, § 1207, 40 Stat. 334 (amendment leaving prior law unchanged); Act of Feb. 24, 1919, § 234(a)(10), 40 Stat. 1079. After 1921 the provision was restricted to mutual insurance companies, except life insurance, Act Nov. 23, 1921, § 234(a)(10), 42 Stat. 258, while other insurance companies were covered by section 246, 42 Stat. 262, 263, which permits the deduction of "losses incurred" and defines what is thereby included. So far as we are advised, the language of section 234(a)(10) has been construed by the Supreme Court only in McCoach v. Ins. Co. of No. Am., 244 U. S. 585, 37 S. Ct. 709, 710, 61 L. Ed. 1333 (act of 1909); Maryland Casualty Co. v. United States, 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297 (acts of 1909 and 1913); United States v. Boston Insurance Co., 269 U. S. 197, 46 S. Ct. 97, 70 L. Ed. 232 (act of 1916); New York Life Ins. Co. v. Edwards, 271 U. S. 109, 46 S. Ct. 436, 70 L. Ed. 859 (act of 1913). These cases hold that "net additions required by law to reserve funds" has a technical meaning in the tax law and does not include reserves for accrued but unpaid losses, even though required by state law. So far as the Maryland Casualty Case seemed to be contra, it was expressly disapproved in the Boston Insurance decision. But none of these cases considered whether accrued but unpaid losses were deductible as "sums paid or accrued on policy contracts," which is the taxpayer's contention in the case at bar. In fact, that contention could not have been advanced in those cases, because the definition of "paid" as meaning "paid or accrued" first appeared in section 200 of the Revenue Act of 1918 (40 Stat. 1058). The Commissioner concedes that that section requires "sums paid" to be read as "sums paid or accrued," and article 568 of the Regulations so declares. Hence we see no escape from giving the words this meaning, even though it result in a duplication of deductions.

This brings us to the question whether the deduction claimed by petitioner was an "accrued" loss. It was an aggregate of estimates of policy losses likely to be suffered on account of all accidents or injuries reported to petitioner during the taxable year. As to some cases, the petitioner may have admitted liability in the amount of the estimate set up on its record card, and so might come within the terms of Article III of Regulations No. 45 as to a deductible loss under clause (4) of section 234(a). But most of the estimates of liability were not of that character. Each one, viewed alone, would be too contingent as to payment and too uncertain as to amount to be deductible as a "loss sustained." Lucas v. Am. Code Co., 280 U. S. 445, 50 S. Ct. 202, 203, 74 L. Ed. 538. But the question is whether the aggregate of estimated unpaid losses for any year may not be taken as an aggregate of accrued losses, though each one separately, or at least most of them, would be contingent and unpredictable. The business of insurance presupposes that the insurer is able to treat as accurately computable and predictable an aggregate of variables no one of which is either computable or predictable. Without that the business must fail, and only past experience permits any estimate as to the extent to which the variations cancel each other. But the business does go on and with a certainty greater than most others. Here the accrued losses were predictable with remarkable accuracy, the business of petitioner being large enough to disregard the contingencies inherent in each loss taken alone. To assimilate such a situation to a single loss is, in our opinion, to close one's eyes to the substance of the business. We do not think the American Code Case so requires. In the course of his opinion, Mr. Justice Brandeis said:

"The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test. And the direction that net income be computed according to the method of accounting regularly employed by the taxpayer is expressly limited to cases where the Commissioner believes that the accounts clearly reflect the net income. Much latitude for discretion is thus given to the administrative board charged with the duty of enforcing the act. Its interpretation of the statute and the

practice adopted by it should not be interfered with unless clearly unlawful."

There the statute involved was section 234 (a)(4) permitting the deduction of a "loss sustained," and the relevant regulation was article III of Regulations No. 45. Here we are construing section 234(a)(10), which has express reference to insurance companies and contemplates the deduction of a loss paid or accrued within the taxable year, as does the relevant Regulation 568. The petitioner's income was figured upon an accrual basis; that is, premiums accrued, though not collected, constituted the great part of its gross income. To reflect clearly its losses, both paid losses and accrued but unpaid losses must be added together, and this figure must be deducted from gross income to reflect clearly net income. The Board made no finding that the method employed did not reflect net income. On the contrary, it found that the method used by petitioner was generally used by casualty insurance companies to determine the amount of their losses in any year, and that the estimates kept by petitioner were considered necessary to determine its financial condition and to fix its premium rates. Experience showed the extraordinary accuracy of such estimates. Accordingly we think the Board erred in holding that the estimates of accrued but unpaid policy losses were too uncertain to be deductible under section 234(a)(10).

The order is reversed, and the cause remanded.