**CRESCENT WHARF & WAREHOUSE COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 73–2247.

United States Court of Appeals, Ninth Circuit.

June 19, 1975.

Arthur B. Willis (argued), Willis, Butler & Scheifly, Los Angeles, Cal., for petitioner.

Elmer J. Kelsey (argued), I. R. S., Washington, D.C., for respondent.

## OPINION

Before KOELSCH and TRASK, Circuit Judges, and ORRICK,* District Judge.

TRASK, Circuit Judge:

In this appeal a taxpayer presents the question of whether it can accrue its liability for workmen's compensation payments for income tax purposes under the circumstances herein stated. The Tax Court held that it could not in an opinion reported at 59 T.C. 751 (1973). The taxpayer appeals.

Appellant Crescent Wharf and Warehouse Company (Crescent) is engaged in the business of providing stevedoring, terminal and warehousing services to ocean-going vessels at the Ports of Los Angeles, Long Beach and San Diego. In 1964 it became a self-insurer of its liabilities for state and federal workmen's compensation claims up to $25,000 per

occurrence and carried a policy of insurance with a commercial insurer for its excess. It computed its income and kept its books of account on the accrual method with its taxable year as the calendar year. It contends on this appeal that it was entitled to a deduction of an accrual of $266,581 at December 31, 1966, for its workmen's compensation liability on uncontested claims. The Tax Court held that it was not.

The administration of appellant's self-insurance workmen's compensation program is handled by R. L. Kautz and Company (Kautz), which has done this kind of work for many years and at the time of trial was administering such programs for 68 corporations in California. Under both the State and Federal compensation laws the employer is required to provide its covered employees or their representatives with three kinds of benefits: (1) necessary medical treatment or reimbursement for the costs of such treatment, (2) disability payments, and (3) death benefits. Liability is not dependent upon fault or the absence thereof, and denial of liability by appellant is extremely rare. In the exceptional case where there is a complete denial of all liability by employer, it does not set up an accrual figure on its books, or if one is established it is of a minimal amount. The initial accrual is usually established in the month of the employee's injury. It is thereafter adjusted continually to reflect a current estimate of appellant's liability on compensation claims. "It was Kautz' practice to review the status of each injured employee and to reestimate Crescent's remaining liability in respect thereof at least once every 90 days." 59 T.C. at 766.

"By accounting for its workmen's compensation liability in this manner, Crescent arrived at an expense figure for each year consisting of three elements: (1) actual disbursements in respect to injuries occurring in that year; (2) additional amounts estimated by Kautz to be due in subsequent

* Honorable William H. Orrick, Jr., United States District Judge, Northern District of California, sitting by designation.

years in respect to injuries occurring in the current year; and (3) adjustments for up-dated Kautz estimates relating to injuries occurring in prior years." 59 T.C. at 755–56.

Adjustment was then made for tax purposes to eliminate amounts in excess of $25,000 which were paid by appellant's insurance carrier. Crescent has also eliminated any accruals which apply to contested claims.

Section 461(a) of the Internal Revenue Code, 26 U.S.C. § 461(a), provides:

"The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income."

The implementation of the above section by regulations controlling here is found in Treas. Reg. § 1.461–1(a)(2) dealing with the conditions for accruing an expense for income tax purposes. It provides in part:

"Under an accrual method of accounting, an expense is deductible for the taxable year in which all of the events have occurred which determine the fact of liability and the amount thereof can be determined with reasonable accuracy . . . . While no accrual shall be made in any case in which all of the events have not occurred which fix the liability, the fact that the exact amount of the liability which has been incurred cannot be determined will not prevent the accrual within the taxable year or such part thereof as can be computed with reasonable accuracy . . . ."

The principal issues drawn for the court to decide are two. The first is how to determine the year in which "all of the events have occurred which determine the *fact* of liability." The second is whether the amount of the accrued liability can be determined as Crescent proposes "with reasonable accuracy."

The Tax Court resolved the problem by determining that the first part of the test was not met and there was thus no need to consider the second. Said the court:

"The fallacy in petitioner's position as to the first part of the test is its assumption that the occurrence of an injury to an employee in an uncontested case is sufficient to fix its liability to that employee." 59 T.C. at 759.

It is that court's view that the fact of injury to an employee in an uncontested case is *not* sufficient to establish its liability. We respectfully disagree. It is clear that the use of the term "sufficient to fix its liability" does not refer to the amount of the liability, for the regulation continues "and the amount thereof can be determined with reasonable accuracy." Thus, it appears clear that injury refers to liability only. And injury establishes liability whether medical services are rendered or disability occurs at that moment or at a future time. If an injury occurs so that economic consequences ensue to the employer under the statutes, the second part of the test comes into play, i. e., whether the amount of liability can be determined "with reasonable accuracy." If the harm to the worker is not serious enough to require attention and no time is lost, it seems clear that it would be so reported and no accrual of liability could properly be made since there would be no injury involving economic consequences to the employer. Should loss of time later occur and medical attention be required for what was thought at the time of accident to be a trivial no-lost-time injury then the claim would be paid, or accrued at the later date, because the "fact of liability" had already been established when the injury occurred, even though the amount thereof could not then be determined.

The Tax Court relied upon its own decision in *Thriftimart, Inc.,* 59 T.C. 598 (1973), where upon almost identical facts it had held approximately a month earlier that because various contingencies might occur which would preclude the amount of any liability from being ascertained "with reasonable accuracy," the accruals were in fact reserves for

contingent liabilities and not deductible. Thus it concluded that only the amounts actually paid in the taxable year for workmen's compensation benefits were deductible, together with the costs of administration. *Thriftimart, Inc.* in turn relied upon the action of the Supreme Court in *Commissioner v. Milwaukee & Suburban Transport Corp.,* 367 U.S. 906, 81 S.Ct. 1917, 6 L.Ed.2d 1249 (1961). There the Supreme Court vacated a judgment of the Court of Appeals[1] which had reversed the Tax Court on a similar problem. The taxpayer operated an urban transit system and at the end of each year had its pending claims valued by appraisers and set up on its books the valued amount as a liability for which a deduction was claimed. On appeal by the Commissioner, the Court of Appeals was reversed on the authority of *American Automobile Association v. United States,* 367 U.S. 687, 81 S.Ct. 1727, 6 L.Ed.2d 1109 (1961), and *United States v. Consolidated Edison Co.,* 366 U.S. 380, 81 S.Ct. 220, 5 L.Ed.2d 186 (1960). In *American Automobile Association* the Court held that annual prepaid dues could not be apportioned over the following year upon a monthly accrual basis but had to be included as income in the calendar year of their actual receipt.[2]

In *Consolidated Edison* a contested tax liability was paid under protest and suit brought to recover. The amount paid was accrued at the time it was paid under protest. In a later year when the litigation resulted in a partial victory, the taxpayer included the amount found to have been improperly assessed in its current income but did not deduct the properly assessed amount. The Court held that the taxpayer could not accrue the amount under litigation. The amount which was paid under protest and accrued could not be a tax liability until final judgment in a later year determining that liability.

As may be seen in *American Automobile Association, Consolidated Edison* and *Milwaukee & Suburban Transport* the amounts attempted to be accrued were either contested[3] and in litigation, or, as in the case of *American Automobile Association,* completely speculative.

In the present case the contested claims have all been eliminated from the accrual of taxpayer's liability. That liability is therefore certain but the amount remains to be determined. This amount can be estimated by experts in the injury cases. The amount of weekly disability payments is known, the doctors have experience in estimating medical costs and length of disability and permanent injury, if any.

Whether the amount of liability can be "determined with reasonable accuracy" is a question which must be resolved by the trial court upon evidence presented there. If it can be, then the system of accounting would appear to be the best suited to reflect true income for tax purposes. The income of petitioner as a stevedoring company arises out of its employees' services. It accrues that income.[4] The most logical correlation of income to expenses would be by deducting in the year the injury was sustained the employer's liability actually paid or which was accrued with reasonable accuracy as arising out of that injury.

The judgment of the Tax Court is reversed and the case is remanded for the purpose of determining whether the amounts of liability can be determined with reasonable accuracy.

1. *Milwaukee & Suburban Transport Corp. v. C. I. R.,* 283 F.2d 279 (7th Cir. 1960).

2. The theory of accrual over each month was that the Automobile Association performed certain emergency road services for its members which represented a cost to be charged against dues, and therefore dues should be prorated to be available for such costs in an ensuing year.

3. *See also Dixie Pine Products Co. v. Commissioner,* 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270 (1944) (liability contested); *Security Flour Mills v. Commissioner,* 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725 (1944) (same).

4. At December 31, 1966, its accrued income from employees' services rendered was $2,316,772.