528 F.2d 735
 76-1 USTC P 9174
 WIEN CONSOLIDATED AIRLINES, INC., formerly Wien Alaska
Airlines, Inc., Petitioner-Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
WIEN CONSOLIDATED AIRLINES, INC., formerly Wien Alaska
Airlines, Inc., Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 74--1434, 74--1525.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 12, 1976.
 
 Charles F. Osborn (argued), Bogle & Gates, Seattle, Wash., for Wien Consol. Airlines, Inc.
 Gary R. Allen, Atty. (argued), Tax Div., U.S. Dept. of Justice, Washington, D.C., for C.I.R.
 OPINION
 Before WRIGHT and CHOY, Circuit Judges, and TAYLOR,* District Judge.
 CHOY, Circuit Judge:
 
 
 1
 Wien Consolidated Airlines (Wien) accrued and deducted certain estimated workmen's compensation payments in its tax return for 1962. The Commissioner of Internal Revenue disallowed the deductions. The Tax Court allowed the deductions in part, and denied them in part. The Commissioner appeals the allowance. Wien cross-appeals the disallowance.[1] We affirm.
 
 Background
 
 2
 Alaska law makes employers liable for payment of workmen's compensation payments to spouses and minor children of employees killed in the course of their employment. Alas.Stat.Ann. §§ 23.30.045; 23.30.215. The spouse is entitled to benefits until death or remarriage, the children until death or their nineteenth birthday. Id. § 23.30.215.
 
 
 3
 Three of Wien's employees were killed in the course of employment between 1961 and 1964. All left wives and minor children. Wien is an accrual taxpayer and is self-insured for workmen's compensation liabilities up to certain dollar limits. Wien estimated the amount of its liability for the children by assuming that they would all live to age nineteen. It estimated its liability for the spouses using life expectancies from actuarial tables and did not include any adjustment for the possibility of remarriage.[2] The resulting amounts were accrued and claimed as deductions. The Internal Revenue Service assessed a deficiency for fiscal 1962.
 
 
 4
 The taxable year of deductions is governed by 26 U.S.C. § 461. Treas.Regs. § 1.461--1(a)(2) sets out a two-step test for year of deduction for accrual taxpayers: an expense is deductible in the year in which (a) all of the events have occurred which determine the fact of liability; and (b) the amount of liability can be determined with reasonable accuracy.
 
 
 5
 In Wien Consol. Airlines, Inc. v. Commissioner, 60 T.C. 13 (1973), the Tax Court found that liability arose at the death of the employee. It found that Wien had proven the amount of its liability for the minor children with sufficient certainty, but had failed to sustain its burden of proof[3] as to the amount of liability for the wives since it was unable to estimate the time of remarriage.
 
 Liability
 
 6
 The Commissioner argues that since the continued survival of the beneficiaries and unmarriedness of the widows are conditions precedent to liability, the first step of the Regulation is not met. Wien argues that these are rather conditions subsequent and therefore do not preclude accrual.[4]
 
 
 7
 The Commissioner relies on two recent Tax Court decisions which disallowed the accrual of workmen's compensation payments, Crescent Wharf & Warehse. Co. v. Commissioner, 59 T.C. 751 (1973), and Thriftimart, Inc. v. Commissioner, 59 T.C. 598 (1973). Crescent Wharf has, however, been reversed by this court. In Crescent Wharf & Warehse. Co. v. Commissioner, 518 F.2d 772 (9th Cir. 1975) we held that the fact of liability in an uncontested workmen's compensation claim is established at the time of injury. Id. at 774.[5]
 
 Reasonable accuracy of estimates
 
 8
 There has been since 1960 a greater than 97% chance that an infant will live to reach his nineteenth birthday. U.S. Bureau of Census, Statistical Abstract of the United States 60 (95th ed. 1974). The Tax Court's finding that Wien's estimate of its liability for the minor children is reasonably accurate was not clearly erroneous.[6]
 
 
 9
 Neither is the Tax Court clearly in error in its treatment of Wien's estimate of liability for the widows. By being unable to present any evidence on the probability of remarriage, Wien failed to sustain its burden of proving the amount of liability with reasonable accuracy.[7]
 
 
 10
 Affirmed.
 
 
 
 *
 The Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation
 
 
 [1]
 Both appeal and cross-appeal are before this court pursuant to 26 U.S.C. § 7482. The standard of review for cases appealed from the Tax Court is the same as for cases appealed from federal district courts. See Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948) (clearly erroneous for findings of fact; not bound by interpretations of law); Jantzer v. Commissioner, 284 F.2d 348 (9th Cir. 1960)
 
 
 [2]
 Two of the wives have remarried
 
 
 [3]
 See Royal Packing Co. v. Commissioner, 22 F.2d 536, 538 (9th Cir. 1927)
 
 
 [4]
 In contract law a condition precedent is one which 'must exist before a duty of immediate performance arises.' Restatement of Contracts § 250(a). A condition subsequent is one which 'will extinguish a duty to make compensation for breach of contract after the breach has occurred.' Id. § 250(b). In real property law, conditions precedent are those necessary for an estate to vest. See Williston, A Treatise on the Law of Contracts § 667 (3d ed. W. Jaeger 1961). What we have here is, of course, neither a contract nor real estate. It is a statutory right along the lines of a wrongful death act which creates a right of recovery in a decedent's survivors. The real property definition seems the more serviceable of the two and the right would seem to vest on the death of the employee with relatives of the required sort
 
 
 [5]
 The Fifth Circuit has reached the contrary result in a similar case. In Trinity Const. Co. v. United States, 424 F.2d 302 (5th Cir. 1970) they held that a company which had obligated itself to purchase life insurance contracts for ten years for two of its employees was not entitled to accrue the cost of the insurance for the full ten years since the obligation to pay for it was contingent on the continued survival of the employees. To the extent that this case is contrary to our reasoning in Crescent Wharf, we decline to follow it
 
 
 [6]
 The Commissioner also argues that to allow accrual here contravenes the Congressional intent manifest in the repeal of 26 U.S.C. § 462, Act of June 15, 1955, c. 143, Pub.L. No. 74, § 1, 69 Stat. 134, § 6(c). Section 462 had to do with the deductibility of reserves for estimated expenses rather than accrual accounting and is inapposite
 
 
 [7]
 Wien also argues that it is being forced to use cash basis accounting in violation of 26 U.S.C. § 446(c). Wien, unlike a cash-basis taxpayer, can accrue payments as they become due even if they have not been paid