**IMPERIAL COLLIERY COMPANY, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 81-2440.

United States District Court, S.D. West Virginia, Charleston Division.

Nov. 21, 1984.

James H. Nix, Louis S. Southworth, W. Henry Jernigan, Jr., Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for plaintiff.

Michael W. Carey, Asst. U.S. Atty., S.D. W.Va. at Charleston, Sarah Hunt, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, District Judge.

Plaintiff filed this action on November 3, 1981, pursuant to the provisions of 28 U.S.C. § 1346(a)(1), for the recovery of federal income taxes, plus interest, alleged to have been erroneously and improperly assessed by the defendant. The matter is presently pending before the Court on cross-motions for summary judgment. The undisputed facts of this case are as follows:

Plaintiff, a West Virginia corporation engaged in the business of mining and marketing coal, has at all times relevant hereto maintained its books and accounting records using the accrual method of accounting. Furthermore, at all relevant times, plaintiff was subject to the provisions of the Worker's Compensation Act of West Virginia found in *W.Va.Code*, 23-1-1, et seq. Under the provisions of said Act, plaintiff was required to provide covered employees or their representatives with certain benefits including (a) disability benefits, (b) death benefits, (c) reimbursement for medical treatment, and (d) funeral expenses. Plaintiff was self-insured for purposes of the Worker's Compensation Act.

During 1975 three of Imperial's employees were found by the Compensation Commission to have compensable injuries. Accordingly, awards of permanent total disability benefits for occupational pneumoconiosis were rendered for Cecil L. Johnson and Ray R. Fizer, and an award of dependents' benefits was made to the widow and infant son of Ronnie E. Hall. The benefits to Hall's dependents were to continue until the later of the date on which (a) the widow remarries or dies, or (b) the child ceases to qualify as a dependent. Pursuant to the

Act, a child is a dependent (1) until he reaches 18 years of age or until age 23 if he continues as a full-time student, or (2) if he is an invalid, until he ceases to be an invalid. Prior to December 31, 1975, Imperial issued checks to each of the claimants to begin payment of the benefits.

In West Virginia when the Worker's Compensation Commissioner makes an award, she calculates a dollar amount which represents the present value of the employee's projected total liability of claims. This amount is called a "reserve amount" or "reserve." For the award in this case, the Commissioner calculated the reserve amounts utilizing the table established by the Commission for that purpose and in effect on December 31, 1975. Accordingly, the reserves calculated by the Commissioner in the case of Cecil L. Johnson was $131,470; Ronnie E. Hall, $33,188.28; and Ray R. Fizer, $131,070. The amount of the reserves calculated by the Commissioner, less the amount paid to the claimants by Imperial in 1975, was accrued as a liability by Imperial and deducted on its federal income tax return for 1975. The Internal Revenue Service disallowed those deductions and Imperial paid its tax deficiency.

On July 27, 1979, Imperial filed a refund claim with the IRS for 1975 taxes paid as a result of the disallowance by the IRS of plaintiff's accrual of liability for the aforementioned workers' compensation awards. After the denial of its refund, Imperial filed suit in district court. The issues presented herein for the Court's determination are as follows:

1. Had all events occurred by December 31, 1975, to establish the liability of Imperial as a self-insurer under the West Virginia Worker's Compensation Act?

2. Can the amount of the liability incurred by Imperial as the result of the compensation awards for permanent total disability and dependent's benefits be determined with reasonable accuracy using generally accepted actuarial techniques and assumptions?

Section 461(a) of the IRS Code, 26 U.S.C. § 461, provides: "The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income." IRS regulation § 1.461–1(a)(2), 26 C.F.R., Part 1, § 1.461–1(a)(2) (1983), sets forth the appropriate test to determine the "proper taxable year." Under this "all events" test, two requirements must be met for a deduction to be allowed in any given year, to-wit, (1) all of the events bearing on the fact of liability must have occurred and (2) the amount of liability must be ascertained with reasonable accuracy.

 Accordingly, for Imperial to deduct the subject workers' compensation claims on its 1975 federal tax return, all events to establish its liability must have occurred prior to December 31, 1975. Pursuant to West Virginia law, an award issued by the Compensation Commission becomes final 30 days after notice of the issuance of said award unless written objection is filed thereto. (*W. Va. Code*, 23–5–1). In the present case, Imperial decided not to contest the awards prior to December 31, 1975. The Ninth Circuit in *Cresent Wharf & Warehouse Company v. Commissioner of Internal Revenue*, 518 F.2d 772 (9th Cir.1975), held that in uncontested workmen's compensation claims that the liability of the self-insured taxpayer (employer) is fixed at the time the injury to the employee occurs. This court adopts the reasoning of the Ninth Circuit and is of the opinion that once a worker's injury in the course of employment has occurred and liability thereof is not contested by the employer, all of the events have occurred to establish liability and the first requirement of the "all-events" test has been met. Imperial, therefore, has satisfied the first requirement of the all-events test.

To meet the second requirement of the test, Imperial must show that the *amount* of the liability becoming payable in future years could, at the close of the taxable year, be fixed with reasonable accuracy

through its accounting practices. Treasury Regulation § 1.461–1(a)(2) sets forth a standard of "reasonable accuracy" instead of a "fixed" or "certain" amount. It is apparent that this regulation anticipated situations where the obligation is fixed but the amount, although capable of estimation and thus properly accrued, is increased or diminished by subsequent events. Adjustments in the years where the liability was overestimated or underestimated are consistent with the original accrual and deduction of the expense.

Although defendant contends that it is not possible to make a reasonably accurate determination of the amount of Imperial's liability on an actuarial basis, and further that the record is devoid of information regarding the assumptions on which Imperial determined its liability, other courts, including the United States Tax Court, have accepted the reasonable accuracy of actuarial computations for federal income tax and estate and gift taxes. *Cresent Wharf & Warehouse Company v. Commissioner of Internal Revenue*, supra; *Kaiser Steel Corp. v. US*, 1982–2 USTC ¶ 9635 (N.D.Cal.1982); *Wien Consolidated Airlines, Inc. v. Comm. of IRS*, 60 T.C. 13 (1973); affd. 528 F.2d 735 (9th Cir.1976).

Furthermore, as stipulated by the parties and as evidenced by the exhibits of record, plaintiff retained the services of J. Huell Briscoe & Associates, an actuarial and management consulting firm, to calculate the amount of plaintiff's liability to each of the three claimants as of December 31, 1975. In accordance with its computations, Briscoe & Associates determined the amounts of plaintiff's liability to be as follows: Cecil Johnson, $188,000; Ronnie E. Hall, $55,000; Ray R. Fizer, $168,000. The aforestated determinations were made without consideration of any survivor's benefits to which the claimants' widows might be entitled.

The Court is of the opinion that the unrefuted "Briscoe" figures accurately reflect plaintiff-taxpayer's liability to each of the respective claimants.

Accordingly, the Court is of the opinion that the reasonable accuracy of plaintiff's liability herein is established as a matter of law, and it is therefore ORDERED that plaintiff's motion for summary judgment be granted and that the like motion of the defendant be denied.

The determination of the amount of the recovery herein is stayed pending the filing of a stipulation by the parties showing the amount due in accordance with the findings and the memorandum opinion of this Court. The parties are directed to file their stipulation no later than January 15, 1985.

The Clerk is directed to mail certified copies of this order to counsel of record herein.