BURNHAM CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 31142-85.　　　　Filed May 11, 1988.

*Stanley E. Bulua*, for the petitioner.
*Sharon Katz-Pearlman*, for the respondent.

WILLIAMS, *Judge:* The Commissioner determined a deficiency in petitioner's 1980 Federal income tax in the amount of $54,625. The issue this Court must decide is whether petitioner is entitled to deduct in 1980 the sum of monthly payments to be made until the death of the payee pursuant to an agreement settling litigation.

The facts of this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure, and are so found. Petitioner is a corporation engaged in the manufacture of heating and cooling equipment, greenhouses, and automotive equipment. Its principal place of business at the time the petition was filed was Irvington, New York. Petitioner used an accrual method of accounting for Federal income tax purposes.

In 1980, petitioner was a defendant in a legal action for patent infringement. The parties settled the lawsuit by agreement. Pursuant to the terms of this agreement petitioner agreed to pay $1,250 per month to Mrs. Reichhelm for the rest of Mrs. Reichhelm's natural life. The first payment was due in December 1980 upon the execution of the agreement. The agreement unconditionally obligated petitioner to make the first 48 payments ($60,000) regardless of whether Mrs. Reichhelm continued to live. In the event of her death, petitioner would make the monthly payments to Mrs. Reichhelm's estate, until the $60,000 unconditional obligation was satisfied. After making payments totaling $60,000, petitioner's obligation to make any additional monthly payment was conditioned on Mrs. Reichhelm's survival.

Payments have been made to Mrs. Reichhelm on a monthly basis, in accordance with the terms of the agreement and, as of September 28, 1987, she was still living. Petitioner retained unrestricted use of the funds required to satisfy the remaining liability until such time as payments were required to be made under the agreement.

On its 1980 Federal income tax return, petitioner deducted the present value of payments which petitioner estimated would be made to Mrs. Reichhelm during her natural life. Mrs. Reichhelm was approximately 66 years old in 1980. Petitioner determined the term of its obligation to Mrs. Reichhelm to be 16 years by referring to the life expectancy tables of the Bureau of the Census and National Center for Health Statistics. The sum of the monthly payments over 16 years would be $240,000. Petitioner discounted the sum of the monthly payments using a 9½ percent discount rate. Petitioner rounded this result to $120,000 and deducted this amount on its 1980 Federal income tax return. Petitioner amended its petition to claim a deduction of $240,000 in 1980 alleging that no present value discount was required.

Respondent concedes that the $60,000 representing payments for the initial 4-year period was properly deductible. Respondent disallowed petitioner's deduction of the additional $60,000.

OPINION

We must decide whether petitioner is entitled to deduct in 1980 the sum of monthly payments to be made to Mrs. Reichhelm until her death pursuant to the agreement settling the patent infringement litigation. Section 162(a)[1] allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." A taxpayer may compute taxable income under an accrual method of accounting, and thus, may deduct an expense in the year in which it is incurred regardless of when it is actually paid. Sec. 446(e)(2). The all events test is the standard for determining the year in which an expense is incurred for Federal income tax purposes. *United States v. Anderson,* 269 U.S. 422 (1926); sec. 1.461-1(a)(2), Income Tax Regs.

In applying the all events test, two separate and distinct requirements must be satisfied before petitioner may deduct the accrued monthly settlement payments: (1) All the events that bear on the fact of liability must have occurred, and (2) the amount of liability must be determined with reasonable accuracy. *United States v. Hughes Properties, Inc.,* 476 U.S. 593 (1986). Failure to satisfy either requirement is fatal to petitioner's claim. *Southern Pacific Transportation Co. v. Commissioner,* 75 T.C. 497, 634 (1980).

Respondent argues that petitioner's liability for the settlement payments does not meet the first requirement of the all events test. He contends that the liability after the initial 48-month period was contingent upon Mrs. Reichhelm's survival. This contingency, according to respondent, renders the liability unfixed and indefinite, thereby preventing its accrual.

The purpose of the first requirement of the all events test is to insure that a taxpayer will not take deductions for expenditures that might never occur. *World Airways, Inc. v. Commissioner,* 62 T.C. 786 (1974); see also *Mooney Aircraft, Inc. v. United States,* 420 F.2d 400 (5th Cir. 1969). Respondent's argument blurs the fine but very real distinction between a contingency that prevents a liability from being fixed, i.e., a condition precedent, and a contingency

---

[1] All section references are to the Internal Revenue Code of 1954 as in effect for the year in issue.

that may terminate an already fixed liability, i.e., a condition subsequent. His argument also muddies the distinction between the first and second requirements of the all events test. See *United States v. Hughes Properties, Inc., supra; United States v. General Dynamics Corp.,* 481 U.S. ___ (1987).

If existence of a liability depends on satisfaction of a condition precedent, the liability is not unconditionally fixed as required by the first requirement of the all events test. Liability does not in fact arise until the condition is satisfied. A taxpayer is, therefore, prevented from obtaining the benefit of a deduction for an expense that he has *no* liability to pay until some event, other than the passage of time, occurs. A liability subject to a condition subsequent, however, is definitely fixed, subject only to a condition which may cut off liability in the future. An accrual basis taxpayer having such a liability may deduct an expense for which it is presently liable. Our opinions in *Wien Consolidated Airlines, Inc. v. Commissioner,* 60 T.C. 13 (1973), affd. 528 F.2d 735 (9th Cir. 1976), and *World Airways, Inc. v. Commissioner, supra* illustrate these principles.

In *Wien* the Alaska Workman's Compensation statute required the taxpayer to make payments to the widows and children of its employees killed in the course of employment. The statute required payments to be made to widows until death or remarriage and to each child until he reached the age of 19, subject to their survival. In 1962, three of the taxpayer's pilots were killed in airplane crashes, and after acknowledging its liability under the Workman's Compensation statute, the taxpayer claimed a deduction for the accrued estimated liability.

Concerning the first requirement of the all events test, respondent argued, as in the case before us, that the contingencies of death or remarriage made the taxpayer's liability conditional and therefore not fixed and definite. We disagreed because the contingencies provided by statute were of such a nature that while they could terminate an existing liability, they did not prevent the liability from existing. In other words, the contingencies were conditions subsequent to the fact of liability. Because all the events necessary to fix the taxpayer's liability had occurred, we

held that the first requirement of the all events test was satisfied.

In contrast, the taxpayer's liability in *World Airways* was subject to a condition precedent. In that case, the taxpayer accrued and deducted a portion of estimated costs for future overhauls of its aircraft engines and airframes. Federal Aviation Administration regulations required these overhauls after the engines and airframes were used for a certain number of flight hours. This statutory flight hour requirement was a condition precedent, the occurrence of which would fix the taxpayer's liability for overhaul expenses. Because this condition precedent had not occurred in the taxable year in which deductions were taken, we held that the taxpayer's liability for the overhaul expenses was not fixed. The first requirement of the all events test was not satisfied.

The cases relied on by respondent present liabilities subject to condition precedents. In *United States v. General Dynamics, supra,* the Supreme Court held that the taxpayer was not allowed to deduct medical benefit payments because, as the Court specifically commented in note 5 of its opinion, the taxpayer's obligation to pay was dependent upon the condition precedent of the filing of claims. Unlike *United States v. Hughes Properties, Inc., supra,* in which the fact of liability was fixed by year's end and only the passage of time remained before an amount was paid, in *General Dynamics,* the fact of liability was not fixed until a further condition was met. In *Bennett Paper Corp. and Subsidiaries v. Commissioner,* 699 F.2d 450 (8th Cir. 1983), the Court held that the taxpayer could not deduct accruals to a profit sharing plan because it would be liable under the plan unless the employees were still working for the taxpayer in the year payment was due. The employees had to perform additional services as a condition precedent to payment from the profit-sharing plan. But see *Trinity Construction Co. v. United States,* 424 F.2d 302 (5th Cir. 1970).

We believe that applying the principles of *Hughes Properties, Inc.,* and *General Dynamics,* petitioner must prevail because the settlement agreement irrevocably and definitely fixed *the fact* of petitioner's liability. No condition prece-

dent remained to be met. Petitioner's liability was irrevocably fixed by the settlement agreement. As in *Wien v. Commissioner, supra,* petitioner's liability was certain in 1980.[2] Both this case and the *Wien* case present a liability subject to a condition subsequent. All the operative facts had occurred to fix liability in these cases in the year the deduction was taken.

The death of Mrs. Reichhelm is a condition subsequent which will terminate, not the fact of petitioner's liability, but its obligation to pay under the settlement agreement. Consequently, while her death may affect *the amount* of petitioner's liability, it will not affect *the fact* of petitioner's liability. As the Supreme Court stated in *Hughes Properties, Inc.,* a "potential of nonpayment exists for every business that uses an accrual method, and it does not prevent accrual." 476 U.S. 593, 606 (1986). Because the fact of petitioner's liability was fixed and definite, we hold that the first requirement of the all events test is satisfied.

Respondent next argues that the possibility of Mrs. Reichhelm's death before the estimated 16-year period has run is 42.2 percent, a contingency sufficiently remote to deny the claimed deduction in 1980. Respondent's argument confuses the first and second requirements of the all events test.

The purpose of the second requirement of the all events test is to prohibit deductions for liabilities that in fact exist but the amounts of which are based upon unrealistic estimates of future expenses. The amount of liability need not be determined exactly; the amount must be determinable with "reasonable accuracy." Sec. 1.461-1(a)(2), Income Tax Regs. The likelihood of Mrs. Reichhelm's death in this case is relevant in finding whether the amount of petitioner's deduction is determinable with reasonable accuracy. Thus, in *Wien v. Commissioner, supra,* and *Schuessler v. Commissioner,* 230 F.2d 722 (5th Cir. 1956), the Court examined evidence of the likelihood of certain contingencies only for analyzing the reasonable accuracy requirement of the all events test. This is particularly appropriate in cases

---

[2]Respondent argues that *Wien* is distinguishable from this case because the liability in *Wien* was fixed by statute rather than by contract. We fail to see the importance of the distinction. The settlement agreement is enforceable and gives rise to a legal obligation no less definite than the statutory obligations in *Wien.*

in which actuarial estimates are applied, not to a group, but to a particular individual as in this case. Respondent, however, does not challenge the reasonableness of the amount which petitioner claims as a deduction in its amended petition and has conceded that the second requirement of the all events test has been met. While it is arguable that the amount of petitioner's liability cannot be determined with reasonable accuracy, because of respondent's concession, we decline further comment.[3] We, therefore, hold that petitioner's liability satisfies the requirements of the all events test.

Respondent argues in the alternative that petitioner's deduction of the estimated payments to Mrs. Reichhelm creates a distortion of income for the 1980 taxable year and does not clearly reflect income pursuant to section 446(b), because the liability deducted would not be fully paid until perhaps 16 years after petitioner incurred the liability. Respondent relies on *Mooney Aircraft, Inc. v. United States, supra,* in which the Fifth Circuit, applying the clear reflection requirements of section 446(b), held that respondent could disallow a current deduction for a liability which would not require any payment for 15 years and perhaps not for 30 years. The Fifth Circuit reasoned that the long time interval between incurring and paying the liability made the payment of that liability improbable. Although the Court applied the all events test and found that the liability was fixed and not contingent, it stated that there still existed a substantial risk that the taxpayer would deduct expenses that might never be paid.

The Fifth Circuit saw the question posed by section 446(b) as whether the liability is so unlikely to be paid that its otherwise proper deduction would distort income. The case before us is distinguishable from *Mooney Aircraft* because petitioner began payment of its liability to Mrs. Reichhelm upon execution of the settlement agreement and has consistently paid its monthly obligation. Although the liability is projected to be paid over 16 years, a hiatus between incurring the liability and paying it does not exist in this case comparable to the time lag in *Mooney Aircraft.*

---

[3]This is a factual issue which requires proof that would not be offered in the face of the concession.

We cannot find in this case that payment is so unlikely that petitioner's otherwise proper deduction would distort its income. Because there is no evidence that petitioner's payment of its liability to Mrs. Reichhelm is improbable, we find the reasoning of the Fifth Circuit in *Mooney Aircraft* inapposite to the case before us.

We asked the parties to file supplemental briefs on whether the clear reflection of income requirements of section 446(b) might prohibit a deduction for the full amount of the estimated payments to Mrs. Reichhelm and permit a deduction for the present-value discounted amount of the estimated payments. On brief, respondent concedes that no statutory authority or case law exists that would require accrual basis taxpayers to discount current deductions of long-term liabilities. Respondent points to the works of several commentators[4] which propose time value calculations in such cases. While as a theoretical policy matter, petitioner should perhaps be entitled to deduct only a discounted amount, we decide cases on the law not on theories of policy. Because of respondent's concession, we do not require petitioner to discount the estimated payments to Mrs. Reichhelm.

*Decision will be entered pursuant to Rule 155.*

---

[4]See Aidinoff & Topata, "Section 461 and Accrual-Method Taxpayers: The Treatment of Liabilities Arising From Obligations to be Performed in the Future," 33 Tax Lawyer 789 (Spring 1980); Biek, "Salvaging Accrual Method Deductions: Adding a 'Time Value of Money' Component to the 'All Events Test'," 40 Tax Lawyer 185 (Fall 1986); Halperin, "Interest in Disguise: Taxing the True Value of Money," 95 Yale L.J. 506 (Jan. 1986); Note, "Protecting the Public Fisc: Fighting Accrual Abuse with Section 446 Discretion," 83 Colum. L. Rev. 378 (Mar. 1983).