**BURNHAM CORPORATION,**
Petitioner–Appellee,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.**

**No. 856, Docket 88–4157.**

United States Court of Appeals,
Second Circuit.

Argued March 2, 1989.

Decided June 27, 1989.

John J. Boyle, Atty., Tax Div., Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Richard Farber, Dept. of Justice Attys., Washington, D.C., of counsel), for respondent-appellant.

Stanley E. Bulua, White Plains, N.Y. (Cuddy & Feder, White Plains, N.Y., of counsel), for petitioner-appellee.

Before PIERCE and ALTIMARI, Circuit Judges, and KELLEHER, District Judge.*

PIERCE, Circuit Judge:

Appellant Commissioner of Internal Revenue ("the Commissioner") appeals from a decision of the Tax Court (Williams, Judge), (opinion reported at 90 T.C. 953), which held that appellee Burnham Corporation ("Burnham") was entitled to deduct as a fixed liability the estimated sum of monthly payments to be made until the death of the payee pursuant to an agreement settling litigation. We agree with the Tax Court that Burnham's liability for the settlement payments satisfies the all events test, therefore, we affirm.

## BACKGROUND

The facts in this case are not in dispute. Burnham, a corporation engaged in manufacturing, used an accrual method of accounting for federal income tax purposes. In 1980, Burnham was a defendant in a lawsuit for patent infringement. Pursuant to an agreement settling the suit, Burnham agreed to pay one Jennifer Reichhelm $1,250 per month for the rest of her life, with the first payment to be made in December 1980. The agreement required Burnham to make forty-eight monthly payments, totaling $60,000, whether or not Reichhelm survived until the end of the forty-eight month period. In case of her death before the end of this period, Burnham was obligated to make the monthly payments to Reichhelm's estate, until the $60,000 obligation was satisfied. After making payments totaling $60,000, Burnham's obligation to make more monthly payments to Reichhelm was conditioned on Reichhelm's survival, which, as of September 28, 1987, had continued.

Using life expectancy tables, Burnham estimated that Reichhelm would live sixteen years beyond 1980. Since sixteen years of monthly payments would total $240,000, Burnham claimed that it was entitled to deduct $240,000 on its 1980 federal income tax return for its obligation to Re-

ichhelm.[1] The Commissioner took the position that Burnham was entitled to deduct no more than $60,000, which represented the sum of payments required for the initial forty-eight month period.

Holding that Burnham's liability to Reichhelm satisfied the all events test, the Tax Court concluded that Burnham was entitled to deduct $240,000. 90 T.C. at 959. In his opinion, Judge Williams reasoned that Burnham's liability to Reichhelm was fixed in 1980, when the settlement agreement was reached, and that Reichhelm's death would merely act to terminate the already established liability. *Id.* at 958. On appeal, the Commissioner argues that Burnham's liability did not satisfy the all events test.

## DISCUSSION

Section 162(a) of the Internal Revenue Code allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). A taxpayer using an accrual method of accounting for federal income tax purposes has "incurred" an expense for purposes of § 162(a) only if the expense satisfies the all events test. *United States v. General Dynamics Corp.*, 481 U.S. 239, 242, 107 S.Ct. 1732, 1735, 95 L.Ed.2d 226 (1987). The all events test has two prongs: (1) all the events must have occurred which establish the fact of the liability, and (2) the amount of the liability must be capable of being determined with reasonable accuracy. Treas.Reg. § 1.461–1(a)(2) (1980); *see United States v. Hughes Properties, Inc.*, 476 U.S. 593, 600, 106 S.Ct. 2092, 2096, 90 L.Ed.2d 569 (1986).

The Commissioner does not dispute that Burnham's liability to Reichhelm satisfied the second prong of the all events test. Therefore, this appeal focuses solely on the first prong. The Commissioner argues that since Burnham was not obligated to

---

1. Originally, Burnham deducted $120,000 on its 1980 tax return. Burnham reached this figure by discounting the sum of sixteen years of monthly payments ($240,000) using a 9½ percent discount rate. Burnham later took the position that no present value discount was required. The Tax Court agreed, and since the Commissioner does not contest this issue on appeal, we do not address it.

continue payments to Reichhelm beyond the first forty-eight months unless Reichhelm continued to live, all the events needed to fix the fact of Burnham's liability had not occurred in 1980. "[T]axpayer has claimed a deduction of an estimated expense," the Commissioner's brief states, "based on an *event* that had not occurred by the close of the taxable year, *i.e.,* Mrs. Reichhelm's continued survival each month for a period of 16 years." (Emphasis added.)

We disagree with the Commissioner's analysis. The Tax Court properly determined that the event necessary to fix the fact of Burnham's liability to Reichhelm—namely, the settlement agreement—had occurred by 1980. It is true that uncertainty over the date of Reichhelm's death made uncertain the amount that Burnham would ultimately be obligated to pay. However, the all events test does not require that the amount of liability be known with certainty. The second prong of the test makes clear that the amount only need be known with reasonable accuracy. By failing to argue that the test's second prong had not been satisfied, the Commissioner has in effect conceded that the amount of liability could be determined with reasonable accuracy. We thus conclude that the Tax Court properly determined that Burnham's liability to Reichhelm satisfied the all events test.

We disagree with the Commissioner's argument that Burnham's liability to Reichhelm past the first forty-eight months depended on the occurrence of an event. We do not believe that Reichhelm's continued survival should be viewed as an "event" for purposes of the all events test. An "event," as we understand that word, is ordinarily something which marks a change in the status quo. *See Quinn v. Streeter,* 175 Misc. 932, 935, 24 N.Y.S.2d 916, 920 (Sup.Ct.1941) (defining "event" as "*anything that happens or comes to pass as distinguished from a thing that exists*" (emphasis added)), *appeal dismissed,* 6 A.D.2d 764–65, 174 N.Y.S.2d 925 (1958); *see also* Black's Law Dictionary 498 (5th ed.1979) (defining "event" as "*Noteworthy happening or occurrence*" (emphasis add-

ed)). Since Reichhelm's survival is merely a continuation of the status quo, we do not see it as an "event" in this context. Since nothing but a continuation of the status quo was necessary to obligate Burnham to keep making payments to Reichhelm, we believe the Tax Court properly viewed Burnham's liability as fixed.

Support for the Tax Court's decision herein is found in *Wien Consol. Airlines, Inc. v. Commissioner,* 60 T.C. 13 (1973), *aff'd,* 528 F.2d 735 (9th Cir.1976). In *Wien,* an airline became liable under a workers' compensation statute to the widows and children of three of its pilots when the pilots died in airplane crashes. The ultimate amount of the airline's liability was uncertain since the airline was only required to make payments to the widows until their death or remarriage. Despite this uncertainty over the amount of the liability, the Tax Court held that all the events necessary to fix the airline's liability had occurred, and therefore the liability satisfied the first prong of the all events test. *Id.* at 15. The court did not view the widows' remaining alive and single as an "event" which was prerequisite to fixing the airline's liability.

There is further support for the proposition that a liability satisfies the first prong of the all events test even though the obligation continues only as long as the life of the payee, *see Imperial Colliery Co. v. United States,* 599 F.Supp. 653, 654 (S.D. W.Va.1984) (employer's liability under workers' compensation statute); *Buckeye Int'l, Inc. v. Commissioner,* 49 T.C.M. (CCH) 376 (1984) (same).

In support of its position that Burnham's liability failed to satisfy the first prong of the all events test, the Commissioner relies on *General Dynamics,* 481 U.S. 239, 107 S.Ct. 1732, 95 L.Ed.2d 226; *Bennett Paper Corp. v. Commissioner,* 699 F.2d 450 (8th Cir.1983); *Trinity Constr. Co. v. United States,* 424 F.2d 302 (5th Cir.1970); and *World Airways, Inc. v. Commissioner,* 62 T.C. 786 (1974), *aff'd,* 564 F.2d 886 (9th Cir.1977). *General Dynamics* and *World Airways* are clearly distinguishable from the case before us. In those cases, the

taxpayer would have no obligation to the payee unless a certain discrete event occurred after the tax year for which the taxpayer claimed the deduction. *See General Dynamics*, 481 U.S. at 244, 107 S.Ct. at 1736 (submission to taxpayer of claim form required); *World Airways*, 62 T.C. at 802 (overhaul of taxpayer's airframes and engines required). Here, by contrast, Burnham's liability to Reichhelm was not contingent on any event.

*Bennett* and *Trinity*, on the other hand, do appear to be in conflict with the Tax Court's decision here. However, because we disagree with the analysis applied in those cases, we respectfully decline to follow them. In *Bennett*, 699 F.2d at 453, the Eighth Circuit held that an employer's liability to its employees under a profit-sharing plan was not fixed in 1974 because, under the plan, an employee forfeited his or her right to a share of the profits if that employee had ceased to work for the employer at the time the payment was to be made in 1975. Because the employee had to continue working at his or her job to be eligible for the profit-sharing payment, the court wrote that "[t]he events necessary to fix the liability would not occur until 1975." *Id.* at 453. As discussed above, we do not view a mere continuation of the status quo, such as an employee's continuing to work for his or her employer, as an "event" for the purposes of the all events test. Therefore, we disagree with that court's holding that the employer's liability was not fixed in 1974.

The facts in *Trinity* are even closer to the facts herein. In *Trinity*, 424 F.2d at 305, the Fifth Circuit held that an employer's agreement to pay the annual premiums on life insurance policies for two of its employees did not constitute a fixed liability since the employer's obligation to continue the payments was contingent on the survival of the employees. For the reasons discussed above, we do not believe the employee's remaining alive should be considered an "event" for purposes of the all events test. In our view, the obligation of the employer would become fixed at the time of the agreement to pay the premiums, thus we are unpersuaded by the court's decision in that case.

## CONCLUSION

We agree with the Tax Court that all the events needed to establish the fact of Burnham's obligation to Reichhelm had occurred by 1980, therefore, we affirm.